**AETNA LIFE INSURANCE COMPANY, Appellant,**

v.

**Thelma Larue WOODS et vir, Appellees.**

**No. 17066.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 5, 1969.

Rehearing Denied Jan. 16, 1970.

Shannon, Gracey, Ratliff & Miller, and Dan M. Reed, Jr., Fort Worth, for appellant.

Thomas Brookman, Jr., Fort Worth, for appellees.

OPINION

BREWSTER, Justice.

This is a suit on an insurance policy. Defendant had issued a group policy to General Dynamics Corporation. Plaintiff, Mrs. Woods, an employee of General Dynamics, held a certificate under this group policy providing for payment to her of weekly disability benefits during the time she was disabled * * * by an accidental

bodily injury which did not arise out of or in the course of her employment.

The policy also provided for payment to the insured of hospital confinement benefits, medical expense benefits, laboratory and X-Ray expense benefits, and accident expense benefits. The policy provided that this last group of benefits would be due the insured if the insured was not entitled to benefits under any Workmen's Compensation law in connection with the particular bodily injury involved.

On May 14, 1964, Mrs. Woods was involved in a car wreck and sustained bodily injuries which disabled her and caused her to incur some of the expenses covered by the policy provisions referred to in the next paragraph above.

The parties stipulated that at all pertinent times plaintiff's employer was subject to the Workmen's Compensation Laws of Texas, was a subscriber within the meaning of the law, and held a Workmen's Compensation insurance policy for the benefit of its employees which was in full force at all pertinent times.

They also stipulated that if the plaintiffs were entitled to recover in this case that the recoverable benefits (being for items referred to in the first and second paragraphs of this opinion) would total $1,074.10, excluding statutory penalty - and attorneys' fees.

Defendant pleaded and contended upon the trial that under the facts of this case that the bodily injuries sustained by Mrs. Woods that have given rise to the disability and expenditures that are the basis of this law suit, were sustained by Mrs. Woods while in the course of her employment for General Dynamics and that such injury was sustained under such circumstances that Mrs. Woods was entitled to benefits under the Texas Workmen's Compensation Law. Defendant says that because of these facts the plaintiffs were not entitled to any of the benefits sued for under the policy, because the policy expressly excluded a recovery.

The trial was to a jury. The charge contained only one issue inquiring, "Do you find (etc.) that the injury sustained by the plaintiff, Mrs. Thelma Larue Woods, * * was not sustained in the course of her employment for General Dynamics Corporation?" The jury answered "It was not."

The learned trial judge proceeded to render judgment for plaintiff for the agreed sum of $1,074.10 plus $128.89 penalty and plus $400.00 attorneys' fees, all totaling $1,602.99.

The insurance company appealed contending that the learned trial judge erred in submitting the issue of scope of employment to the jury. Defendant contends that the undisputed facts of this case establish as a matter of law that Mrs. Woods' injury was sustained while she was acting within the scope of her employment for General Dynamics and that as a matter of law Mrs. Woods was entitled to benefits under the Workmen's Compensation Law of Texas by virtue of the injury she received in the car wreck involved. Defendant contends that for these reasons, under the provisions of the policy sued on, the company was not liable to plaintiff for any amount.

Defendant also contends that the evidence was insufficient to support the submission of the issue of scope of employment to the jury and that the evidence was insufficient to support the jury's answer to the issue and that the court therefore erred in submitting such issue to the jury.

The material facts of the case relevant to a determination of the scope of employment issue are undisputed and most of them are established by the testimony of the plaintiff, Mrs. Woods. The General Dynamics plant consisted of several buildings and a large vacant area all of which was entirely surrounded by a high cyclone fence. The entrances to this enclosed area were through several gates at which the em-

ployer normally maintained guards. Mrs. Woods worked in the main building as a keypunch verifier when injured and had so worked for several years. Inside this fence on some of the vacant area in the enclosure the employer maintained several parking lots for the convenience of itself, its employees to enable them to park closer to their work, and authorized visitors. The employer did not furnish transportation to the employees. On the morning in question Mrs. Woods came to work in her own car, at 5 A.M., went through the main gate and parked on the employer's premises on one of the parking lots the employer maintained for that purpose inside the fenced enclosure. She worked until 3:45 P.M. in the main building and when the whistle then blew signifying that her work day was at an end, she left the building and reached her car on the parking lot about 4 P.M. She got into her car and proceeded to the main gate where she stopped her car. When she stopped another car struck the rear of her car and thus caused her to sustain the bodily injuries that gave rise to this law suit. This collision occurred inside the enclosure that surrounded the employer's plant and occurred on the employer's premises. This enclosure was under the control of General Dynamics, the employer, who maintained this control through its security employees. They regulated traffic within the enclosure, set the speed limits there, and marked off the parking spaces. The employer was building the B–58 airplane for the military service and rather tight security was being maintained on its premises for that reason. These security employees also set up the reserved parking spaces on the parking lots, investigated traffic accidents inside the fenced area, and protected their employer's property there. Mrs. Woods had finished work and was on her way home, but was still entirely on the employer's premises when the other car crashed into the rear end of her car causing the bodily injuries that have given rise to this law suit.

The question to be decided here is whether or not the undisputed facts of this case establish as a matter of law that Mrs. Woods' injury in question was sustained while she was acting within the scope of her employment for General Dynamics. The trial judge and the parties tried the case on the theory that this was the controlling question in the case.

If the evidence only raised a fact issue, then the jury's finding disposed of the matter in favor of the plaintiff.

We hold that the undisputed evidence in this case establishes as a matter of law that at the time she sustained the injuries in question Mrs. Woods, the plaintiff, was then acting within the scope of her employment for General Dynamics within the meaning of the Texas Workmen's Compensation Law.

We also believe that if Mrs. Woods' own testimony on this issue were taken as true, that such testimony establishes this issue contrary to her contentions and that she was acting within the scope of her employment as a matter of law when hurt within the meaning of such Workmen's Compensation Law.

The plaintiff in seeking to affirm its judgment refers this court to several cases that hold that ordinarily the question of scope of employment is a fact issue. Unquestionably this is true, but such authorities do not assist much in determining the question we have here. Many cases have also held that scope of employment, just like any other issue in a case, can also be established as a matter of law.

Larson's Workmen's Compensation Law, Sec. 15.11, provides:

"The course of employment is not confined to the actual manipulation of the tools of the work, nor to the exact hours of work. On the other hand, while admittedly the employment is the cause of the workman's journey between his home and the

factory, it is generally taken for granted that workmen's compensation was not intended to protect him against all the perils of that journey. Between these two extremes, a compromise on the subject of going to and from work has been arrived at, largely by case law, with a surprising degree of unanimity; going to and from work is covered on the employer's premises."

Further, Sec. 15.41 provides:

"It is implicit in most of the decisions discussed up to this point that the term 'premises' includes the entire area devoted by the employer to the industry with which the employee is associated. If the place of employment is a factory, the premises will include everything within the factory fence, even if the employer's property runs to many acres. * * *

"As to parking lots owned by the employer, or maintained by the employer for his employees, the great majority of jurisdictions consider them part of the 'premises,' whether within the main company premises or separated from it."

In Texas, the law with respect to parking lot accidents appears to be well settled. 62 Tex.Jur.2d, "Workmen's Compensation", Section 123, provides:

"Another established exception to the going and coming rule is that all dangers and perils incident to use of customary methods of entrance to and retirement from employer's premises or zone of employment are perils incident to and arising out of employment. When the employee enters the premises he enters what is termed the area or zone of his employment, and he continues therein until, having finished his labors for the day, he can in the customary time and manner return to the street or highway. All dangers and perils incident to the use of such method of entrance and retirement are perils incident to and arising out of the employment."

Further, the above section states:

"For an injury received in entering or retiring from the employer's premises to be compensable, it need not have resulted from some danger necessarily incident in the use of the premises in the manner intended by the employer; nor need it appear that the agencies that caused the injury were under the control of the master."

We believe that the following cases support our holding here: Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S.W. 76 (1922); Employers' Liability Assur. Corporation v. Light, 275 S.W. 685 (Austin Tex.Civ.App., 1925, writ ref.); Petroleum Casualty Co. v. Green, 11 S.W.2d 388 (Waco Tex.Civ.App., 1928, writ ref.); Federal Surety Co. v. Ragle, 40 S.W.2d 63 (Tex.Comm.App., 1931); and Fidelity & Casualty Co. v. Mitchell, 134 F.2d 537 (5th Circuit, 1943).

We do not believe that Art. 8309, Sec. 1b, Vernon's Ann.Tex.St., affects the decision in this case.

When the law announced by the above authorities is applied to the facts of this case, it is our opinion that the undisputed facts of the case, together with those stipulated to by the parties, established as a matter of law that Mrs. Woods was acting within the scope of her employment for General Dynamics Corporation when she sustained the injuries in question and that by virtue of the undisputed and stipulated facts she was entitled to benefits under the Texas Workmen's Compensation Law. It follows that since she was entitled to such benefits and since she was acting in the scope of her employment for her employer within the meaning of the Texas Workmen's Compensation Law, that the wording of the policy precluded her from recovering for any of the items for which she was awarded a recovery.

We sustain defendant's first six points. Defendant's point No. 7 need not be discussed in view of the above holding.

The judgment of the trial court is reversed and judgment is here rendered in favor of defendant.