**Genevie STOUT, Appellant,**

v.

**INTERNATIONAL INSURANCE COMPANY, Appellee.**

**No. 17990.**

Court of Civil Appeals of Texas, Fort Worth.

June 22, 1978.

Rehearing Denied July 27, 1978.

Banner, McIntosh & Dobbs and Ed McIntosh, Wichita Falls, for appellant.

Whitten, Sprain, Price, Wagner & Edwards and Richard M. Price, Abilene, for appellee.

OPINION

SPURLOCK, Justice.

This is an appeal from a summary judgment rendered in favor of an insurance carrier in a worker's compensation case.

We reverse and remand.

Genevie Stout (appellant) brought suit against International Insurance Company (the insurance carrier), alleging that she sustained an injury while in the course and scope of her employment with Jacobi IV, Inc. d/b/a Mitchell's Department Store, in the City of Graham, Young County, Texas. Mitchell's Department Store is located in a privately owned shopping center.

On June 19, 1975, Stout was ready to take her lunch hour; there was no food service within the building where she worked. As she left the building, she went through the only exit available and walked across the concrete apron. In order to leave the concrete apron, it is necessary to step down to the asphalt below. The rampway was a part of and was connected to the building;

it had a permanent roofed area over it, which was a part of the building. The roof or overhang extends as far as the concrete apron extends, and the roof entirely covers the concrete apron. On the front portion of the overhang is the "Mitchell's" sign.

In the past, on special sale days, Stout's employer had used the apron to display merchandise. On these occasions, Stout and other employees had helped customers and made sales on the concrete apron. Her employer had maintained and cared for the rampway by keeping it swept, keeping it free from ice, and keeping it clean. Also, her employer had exercised the maintenance of the lighting in the roofed overhang area.

Stout fell as she was attempting to step from the concrete rampway to the sloping asphalt surface. Her fall occurred within three feet from the wall of the building.

In regard to summary judgments, Tex.R. Civ.P. 166–A(c) (Supp.1978) provides in part that:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, . . . show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law . . . .."

It is well established that a defendant moving for a summary judgment assumes the negative burden of showing as a matter of law that the plaintiff has no cause of action against him. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Seale v. Muse*, 352 S.W.2d 534 (Tex.Civ.App.— Dallas 1961, writ ref'd n. r. e.).

By her three points of error, Stout basically contends that the trial court erred in granting the summary judgment because: (1) at least some of the evidence estabished that the injury occurred on premises over which her employer had a joint possessory interest, dominion and control; (2) at least some of the evidence established that the injury occurred at a place of egress in such close proximity to her employer's premises

as to be (for all practical purposes) a part of the premises of her employer; and (3) at least some of the evidence established that her injury occurred on the only access route to be used by an employee, which route was so closely related to her employer's premises as to be fairly treated as a part of those premises.

By its sole counterpoint, the insurance carrier contends that the trial court did not err in granting it a summary judgment because as a matter of law, Stout was not in the course and scope of her employment at the time she sustained her injuries.

Thus, we are confronted with the question as to whether the insurance carrier sustained its burden of demonstrating as a matter of law that Stout was not in the course and scope of her employment at the time she sustained her injuries.

Our supreme court, speaking through Chief Justice Greenhill in *Texas Compensation Insurance Co. v. Matthews*, 519 S.W.2d 630 (Tex.1974) wrote:

> "The general rule, and it is a well settled rule, is that the benefits of the workmen's compensation statute do not apply to injuries received going to and from work. (Citing cases.) An exception to this rule is made in cases which have formed the 'access doctrine,'—cases in which the employer has evidenced an intention that the particular access route or area be used by the employee in going to and from work, and where such access route or area is so closely related to the employer's premises as to be fairly treated as a part of the premises. .(Citing cases.)"

For further background information on the "access" rule, see *Lumberman's Reciprocal Ass'n v. Behnken*, 112 Tex. 103, 246 S.W. 72 (1922); *Dishman v. Texas Employers' Insurance Association*, 440 S.W.2d 727 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n. r. e.); 1 Larson, Workmen's Compensation Law § 15.22 (1978).

The case of *Kelty v. Traveler's Insurance Company*, 391 S.W.2d 558, 560 (Tex.Civ. App.—Dallas 1965, writ ref'd n. r. e.) de-

serves special mention, due to its factual similarity with the facts of the case 'at bar. In *Kelty,* the plaintiff was an employee of J. C. Penney & Company. Upon returning from her lunch, she parked her car in the parking area at the rear of the store. Due to the bad weather, everything was iced over. Mrs. Kelty proceeded on the sidewalk toward the rear entrance where she normally entered the building. As the court wrote:

> "Her sole purpose in entering the building on that occasion was to return to her duties as an employee of J. C. Penney & Company. At a point about ten to twelve feet from the rear entrance she slipped and fell on the icy sidewalk and sustained personal injuries. The sidewalk where Mrs. Kelty fell was immediately adjacent to the J. C. Penney building and was used by the general public and by the employees entering and leaving the store by the back entrance."

In *Kelty, supra,* the Dallas court of civil appeals held that whether the employee was within the course and scope of her employment at the time of her injury presented a fact question, which precluded the rendition of summary judgment in favor of the insurance carrier.

Having carefully reviewed the summary judgment proof in the case at bar, we hold that the insurance carrier has not sustained its burden of showing that it is entitled to judgment as a matter of law. In fact, the summary judgment proof before us clearly brings Stout's injury within the "access" doctrine of our workmen's compensation law. We sustain each of Stout's three points of error.

The judgment of the trial court is reversed and the cause is remanded.