Shirley A. TURNER, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 05–85–01059–CV.

Court of Appeals of Texas, Dallas.

May 29, 1986.

Rehearing Denied June 30, 1986.

Rodney Gappelberg, Dallas, for appellant.

Joann N. Wilkins, Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

McCLUNG, Justice.

In this workers' compensation case, Shirley A. Turner appeals from a summary judgment granted for the insurance carrier. The only issue on this appeal is whether Turner's injuries were sustained in the course of her employment. Turner contends that, although her injuries occurred while she was traveling to work, she is entitled to compensation under the access doctrine. We hold that the access doctrine does not apply and, accordingly, affirm the trial court's judgment.

Turner was employed by the A.H. Belo Corporation as a customer service representative in its circulation department. She was injured while driving to work when she collided with a truck in the parking lot of the Dallas Morning News-Communications Center Complex, which is owned by Belo. Belo did not provide parking for Turner in the Communications Center parking lot or any other lot. Consequently, Turner parked at a public parking lot at Reunion Arena, located across the street from the Communications Center. Turner did not work at the Communications Center, but worked at a separate building several blocks away at 712 Commerce. Occasionally, Turner's job required her to go to the Communications Center. These trips, however, occurred only after Turner had begun her workday at her regular workplace at 712 Commerce. Turner had not begun her workday when the injuries occurred.

Turner was driving through the Communications Center parking lot because her normal route to the parking lot at Reunion Arena along public streets was blocked by construction. Turner had been cutting through the Communications Center on her way to work for almost ten days before she was injured. Access to the Communications Center lot was controlled by guards placed at each entrance. Only those persons with employee identification badges were allowed on the lot. Turner had been issued such a badge, which she used to gain entry to the lot. Turner testified in her deposition that she had never been told that she could not drive through the lot.

The general rule is that the benefits of the workers' compensation statute do not apply to injuries received going to and from work. *Texas Compensation Insurance Co. v. Matthews*, 519 S.W.2d 630, 631 (Tex.1974); *Standard Fire Insurance Co. v. Rodriguez*, 645 S.W.2d 534, 538 (Tex. App.—San Antonio 1982, writ ref'd n.r.e). An exception to this rule is the access doctrine. The general rule does not apply: (1) when the employer has evidenced an intention that the particular access route be used by the employee in going to and from work and (2) where such access route is so closely related to the employer's premises as to be fairly treated as a part of those premises. *Matthews*, 519 S.W.2d at 631; *Rodriguez*, 645 S.W.2d at 538.

At first glance, the access doctrine would appear to apply to the present case. There is no dispute that Turner's injuries occurred on her employer's premises, the

Communications Center parking lot owned by Belo. Also, Turner was traveling to work at the time of her injury, and her route included crossing the Communications Center parking lot. On the day of the injuries and for several days before, the guards, also employees of Belo, had allowed Turner to cross the lot. In the context of a summary judgment, this evidence could be said to raise a fact issue that Belo evidenced an intention that Turner use this particular route in going to work.

To apply the access doctrine to the facts of this case, however, would be to apply that doctrine beyond its intended scope. The access doctrine expands the scope of employment to include

> not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from *the place where the work is to be done.* [Emphasis added]. If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before *the place where the work is to be done* is reached. [Emphasis added].

*Rodriguez,* 645 S.W.2d at 538 (citing *Texas Employers' Insurance Assoc. v. Lee,* 596 S.W.2d 942, 943 (Tex.Civ.App.—Waco 1980, no writ); and *Texas Employers' Insurance Assoc. v. Boecker,* 53 S.W.2d 327, 329 (Tex. Civ.App.—Dallas 1932, writ ref'd)).

The two-prong test cited above contemplates compensation for only those injuries received within a reasonable margin of time and space of the place where the work is to be done. Here, although Turner was injured upon her employer's premises, the Communications Center, she was not injured within a reasonable margin of space of the place where her work was to be done, 712 Commerce.

In Texas, the access doctrine has been applied when the injury occurs on or very near the employer's premises, but only when those premises of the employer are also the employee's place of work. *See, e.g., Rodriguez,* 645 S.W.2d at 534; *Stout v. International Insurance Co.,* 568 S.W.2d 904 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.); *Kelty v. Travelers Insurance Co.,* 391 S.W.2d 558 (Tex.Civ. App.—Dallas 1965, writ ref'd n.r.e.); *Boecker,* 53 S.W.2d at 327. We have found no authority that applies the access doctrine to an injury occurring on the premises of the employer that is not also the employee's place of work.

We recognize that coverage may apply to injuries occurring on an employee parking lot even when the employee is going to and from work. *See, e.g., Texas Employers' Insurance Co. v. Dean,* 604 S.W.2d 346 (Tex.Civ.App.—El Paso 1980, no writ); *Lee,* 596 S.W.2d at 942; *cf. Lumberman's Reciprocal Assoc. v. Behnken,* 112 Tex. 103, 246 S.W. 72 (1922) (company town); *Aetna Life Insurance Co. v. Woods,* 449 S.W.2d 86 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.). We find no authority, however, applying this parking lot exception when the injury occurs on a lot on which the employer has not provided parking for the injured employee.

Many employers today have more than one facility or plant where they carry on business. Employees who work at one facility may not necessarily be in the course of their employment when they are present at another, separate facility of their employer. This is such a case. Turner worked at Belo's facility at 712 Commerce. Even though she may have previously delivered mail to the Communications Center in the course of her employment, this was not, as she admits, one of those times. Her sole purpose in being on the Communications Center lot was to gain access to her public parking lot at Reunion Arena. We

conclude that the workers' compensation statute was not intended to cover injuries in such a situation.

We recognize that whether an injury received by an employee under circumstances bringing it within the course of employment is usually a question of fact. *Rodriguez*, 645 S.W.2d at 540; *Lee*, 596 S.W.2d at 945–46; *Texas Employers' Insurance Assoc. v. Anderson*, 125 S.W.2d 674, 677 (Tex.Civ.App.—Dallas 1939, writ ref'd). The access doctrine, however, can be extended only as far as is reasonable. *Cf. Matthews*, 519 S.W.2d at 632 (citing *Kelty* as the outer limit).

We hold that, viewing the facts in the light most favorable to Turner, the access doctrine, as a matter of law, does not apply. Accordingly, we affirm the trial court's judgment.