Mary Ann BORDWINE, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellee.

No. C14–87–639–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1988.

Rehearing Denied Dec. 1, 1988.

Jack Swisher, Houston, for appellant.

Timothy A. Fjeldal, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a take-nothing judgment rendered in a workers' compensation case. We reverse and remand.

Appellant was employed as a licensed vocational nurse in the emergency room at Houston Northwest Medical Center. On November 7, 1978, she arrived at the hospital and parked in a hospital parking lot designated for hospital employees only. There was a considerable amount of new construction in progress at the hospital and this parking lot had only recently been designated as a temporary employee parking lot. This parking lot was an unpaved area which had been covered with a shell material. As appellant stepped out of her car, a piece of shell caught on the bottom of her shoe and twisted her ankle, causing her to fall. A witness helped appellant into the emergency room where she was treated for her injuries. Appellant sustained injuries to her chest, left hip, groin area, left knee and ankle. She subsequently underwent surgery as a result of the injury to her knee. Appellant presented evidence at trial that she continues to experience substantial pain and numbness in her left hip and leg.

The Industrial Accident Board made its final decision and award on appellant's workers' compensation claim on August 6, 1982, and awarded her compensation for total and permanent disability. Texas Employers' Insurance Association brought this suit appealing the decision of the Industrial Accident Board. The case was tried to a jury which found in answer to Special Issue No. 2 that appellant did not receive her injury in the course of her employment. The trial court rendered a take-nothing judgment in favor of appellee, Texas Employers' Insurance Association.

Appellant asserts three points of error on appeal. In her first point of error, appellant contends there is no evidence to support the jury finding in answer to Special Issue No. 2 and the trial court's judgment based thereon. Appellee counters that appellant has raised no complaint subject to review because the issue was one on which appellant had the burden of proof, yet her point of error is phrased as a "no evidence" point rather than as a contention that an affirmative answer to the issue was established as a matter of law.

When a jury returns a negative answer to an issue upon which the proponent has the burden of proof, the jury's negative answer need not be supported by affirmative evidence. Therefore, it avails the complaining party nothing to assert that the negative answer is without support in the evidence. *Jordan v. Ortho Pharmaceuticals, Inc.*, 696 S.W.2d 228, 235 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Visage v. Marshall*, 632 S.W.2d 667, 669 (Tex.App.—Tyler 1982, writ ref'd n.r.e.); *Pouncy v. Garner*, 626 S.W.2d 337, 342–343 (Tex.App.—Tyler 1981, writ ref'd n.r.e.). The complaining party must contend that the evidence establishes the issue as a matter of law. *Visage v. Marshall*, 632 S.W.2d at 669; *Pouncy v. Garner*, 626 S.W.2d at 343. However, in determining whether the complaining party sufficiently advanced the contention that an affirmative answer to a special issue was established as a matter of law, we will consider not only the language of the listed point of error, but also the

arguments thereunder. TEX.R.APP.P. 74(d), (p); *3–C Oil Co. v. Modesta Partnership*, 668 S.W.2d 741, 754 (Tex.App.—Austin 1984, writ ref'd n.r.e.); *State ex rel. City of Colleyville v. City of Hurst*, 521 S.W.2d 727, 730 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.); *Fulbright v. Culbertson*, 429 S.W.2d 179, 187 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.). Where after a review of the argument presented, our attention is directed to an issue on which the case could be reversed, we are obligated to consider that argument. TEX.R. APP.P. 74(p); *Flanz v. Farias*, 662 S.W.2d 685, 687 (Tex.App.—Houston [14th Dist.] 1983, no writ); *Williams v. Capitol County Mutual Fire Ins. Co.*, 594 S.W.2d 558, 560 (Tex.Civ.App.—Fort Worth 1980, no writ).

We have carefully considered appellant's first point of error and conclude that she has sufficiently raised the issue for our consideration. Appellant argues that there is "no evidence in the record that Ms. Bordwine was not injured on the job, while in the parking lot of her employer" and asserts that, "All the evidence points to the fact that Ms. Bordwine was injured while at work, in the parking lot, and at no other time or place." While appellant's point of error is worded as a no evidence point, it is clear from her arguments that her contention is that all the evidence at trial proved that her injury was sustained in the course and scope of her employment and established that fact as a matter of law. Therefore, we will address the contention in that manner.

In resolving this issue, we must review all of the evidence in the record to determine whether an affirmative response to Special Issue No. 2, inquiring whether appellant sustained her injury in the course of her employment, was established as a matter of law. *Jordan v. Ortho Pharmaceuticals, Inc.*, 696 S.W.2d at 235; *Visage v. Marshall*, 632 S.W.2d at 670. TEX.REV.CIV. STAT.ANN. art. 8309, § 1 provides that the term "injury sustained in the course of employment" as used in the Workers' Compensation Act "shall include ... injuries of every kind and character having to do with

and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." TEX.REV.CIV.STAT. ANN. art. 8309, § 1(4) (Vernon 1967).

The general rule in Texas is that the benefits of the workers' compensation statute do not apply to injuries received going to and from work. *Texas Compensation Insurance Company v. Matthews*, 519 S.W.2d 630, 631 (Tex.1974); *Turner v. Texas Employers' Insurance Association*, 715 S.W.2d 52, 53 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Texas Employers' Insurance Association v. Dean*, 604 S.W.2d 346, 349 (Tex.Civ.App.—El Paso 1980, no writ); *Texas Employers' Insurance Association v. Lee*, 596 S.W.2d 942, 945 (Tex.Civ.App.—Waco 1980, no writ). However, an equally well-established exception to this rule is the access doctrine. *Texas Compensation Insurance Company v. Matthews*, 519 S.W. 2d at 631; *Turner v. Texas Employers' Insurance Association*, 715 S.W.2d at 53; *Kelty v. The Travelers Insurance Company*, 391 S.W.2d 558, 562 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.). This doctrine expands the scope of employment to include cases where the employer has evidenced an intention that the particular access route or area be used by the employee in going to and from work, and where such route or area is so closely related to the employer's premises as to be fairly treated as a part of the premises. *Texas Compensation Insurance Company v. Matthews*, 519 S.W.2d at 631. Under the access doctrine,

employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part

of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached.

*Turner v. Texas Employers' Insurance Association,* 715 S.W.2d at 54, quoting, *Texas Employers' Insurance Association v. Boecker,* 53 S.W.2d 327, 329 (Tex.Civ. App.—Dallas 1932, writ ref'd). Where the injury occurs on a parking lot owned by the employer, and at the place of employment when the employee is either going to or from work and where the employee is authorized to park, the rule is almost universal that workers' compensation coverage attaches to the same extent as if the injury occurred on the main premises. *Texas Employers' Insurance Association v. Dean,* 604 S.W.2d at 349; *Aetna Life Insurance Company v. Woods,* 449 S.W.2d 86, 89 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.).

■ We hold that the undisputed evidence establishes as a matter of law that appellant was acting within the scope of her employment at the time she sustained her injuries. Appellant was employed by Houston Northwest Medical Center. She arrived at the hospital for the purpose of going to work. There was no evidence that she was in the parking lot for any other reason. She parked her automobile on her employer's premises in a parking lot provided by the employer for the sole use of its employees and was injured in that parking lot as she stepped out of her car.

While ordinarily the question of scope of employment is a fact issue, many cases have held that scope of employment may be established as a matter of law just as any other issue in a case. *Turner v. Texas Employers' Insurance Association,* 715 S.W.2d at 55; *Aetna Life Insurance Company v. Woods,* 449 S.W.2d at 88. We hold that the undisputed evidence established as a matter of law that appellant was acting

within the scope of her employment when she sustained her injuries. Point of error one is sustained.

Our disposition of appellant's first point of error renders it unnecessary for us to consider appellant's remaining points of error.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.