Robert Dean DICKSON and Wife,
Janice Dickson, Appellants,

v.

Jose T. SILVA, Evans Cooperage of
Houston, Inc., and Evans Cooperage
Company, Inc., Appellees.

No. 01–93–00217–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 24, 1993.

Alton C. Todd, Alvin, for appellants.

Brock C. Akers, John Kilpatrick, Houston, for appellees.

Before HEDGES, COHEN and MIRABAL, JJ.

## OPINION

HEDGES, Justice.

Appellants Robert and Janice Dickson challenge a summary judgment entered in favor of appellees, Jose T. Silva, Evans Cooperage of Houston, Inc., and Evans Cooperage Company, Inc. In six points of error, appellants contend (1) that the exclusive remedies provision of the Texas Workers' Compensation Act[1] does not preclude their recovery, and (2) that appellees failed to prove their affirmative defense of election of remedies.

On June 20, 1988, Robert Dickson was hired by Evans Cooperage Company, Inc. (the "Company") as a truck driver and dispatcher. At approximately 1:15 that afternoon, Dickson's supervisor instructed him to take a lunch break and then return to work. Dickson clocked out, got on his motorcycle, and proceeded to leave the job site by way of a driveway that provided the premises' only entrance and exit.

As he left the premises, Dickson was injured when he collided with a Company truck operated by coworker Jose Silva. The parties have stipulated that the accident took place on Company property. At the time of the accident, Silva was on the Company's clock and was performing his job at the direction of his supervisor.

After the accident, Dickson applied for and received workers' compensation benefits. Dickson and the Company's insurer settled Dickson's claim. On February 13, 1990, the Industrial Accident Board approved Dickson's final settlement. On May 21, 1990, appellants sued appellees for negligence and loss of consortium. The trial court granted appellees' summary judgment on January 8, 1993.

To obtain summary judgment, a movant must establish that because no genuine issue of material fact exists, he is entitled to judgment as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Summary judgment is proper if a defendant conclusively establishes all elements of its affirmative defense as a matter of law. *Clark v. Pruett*, 820 S.W.2d 903, 905 (Tex.App.—Houston [1st Dist.] 1991, no writ). In reviewing a summary judgment, an appellate court must resolve all doubts against the movant and view the evidence in the light most favorable to the nonmovant. *Perez*, 819 S.W.2d at 471. If the trial court's order does not specify the grounds on which it granted summary judgment, an appellate court will affirm the summary judgment if any of the theories advanced are meritorious. *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1993, no writ).

In points of error one through five, appellants complain that the trial judge improperly granted summary judgment because Robert Dickson was not in the course of his employment at the time the accident occurred, and thus, recovery under the Workers' Compensation Act is not their exclusive remedy. Therefore, they are not precluded by the Texas Workers' Compensation Act from recovery in an action against appellees for negligence and loss of consortium. We disagree.

Former article 8306 of the Texas Revised Civil Statutes provides that employees of an employer who is insured for workers' compensation "shall have no right of action against their employer or against any agent, servant or employee of said employer for

---

1. Act effective August 23, 1963, 58th Leg., R.S., ch. 437, § 1, 1963 Tex.Gen.Laws 1132, *repealed by* Act of December 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7)–(9), 1989 Tex.Gen.Laws 1, 114–

15. Former article 8306 governs the occurrence in this case. Act of December 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 17.18(c), 1989 Tex.Gen. Laws 1, 122.

damages for personal injuries." Instead, the employee shall look for compensation solely from the employer's insurer. To recover under the statute, an employee must have been injured in the course of employment. *Biggs v. United States Fire Ins. Co.,* 611 S.W.2d 624, 627 (Tex.1981). As a general rule, an injury sustained in the course of employment must be of a kind or character originating in or having to do with the employer's work, and it must have occurred while the employee was engaged in the furtherance of the employer's business or affairs. *Id.*

■ Employees injured while going to and from work are generally considered not to be in the course of employment for the purposes of the statute. *Texas Compensation Ins. Co. v. Matthews,* 519 S.W.2d 630, 631 (Tex.1974). However, the "access doctrine" carves an exception to this "coming and going" rule. *Id.* The access doctrine applies when the employer has evidenced an intention that a particular access route or area be used by the employee in going to and from work, and the access route or area is so closely related to the employer's premises as to be fairly treated as a part of the premises. *Id.* Under the access doctrine,

> employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. *If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises,* or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance.

*Bordwine v. Texas Employers' Ins. Ass'n,* 761 S.W.2d 117, 119–20 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (citing *Turner v. Texas Employers' Ins. Ass'n,* 715 S.W.2d 52, 53 (Tex.App.—Dallas 1986, writ ref'd n.r.e.)) (emphasis added).

Courts have applied the access doctrine to find that an employee was injured in the course of employment when his accident occurs on his employer's premises while he is either going to or coming from work. *See, e.g., Bordwine,* 761 S.W.2d at 120 (holding that an employee was injured in the course of employment when she stepped out of her car parked in a lot provided by her employer for the sole use of its employees); *Texas Employers' Ins. Ass'n v. Dean,* 604 S.W.2d 346, 349–50 (Tex.Civ.App.—El Paso 1980, no writ) (holding that an employee, who was assaulted in her employer's parking lot, was in the course of employment); *Texas Employers' Ins. Ass'n v. Lee,* 596 S.W.2d 942, 947 (Tex. Civ.App.—Waco 1980, no writ) (holding that an employee was injured in the course of employment when his accident occurred within a few minutes after work while he was preparing to leave in his automobile from an area within his employer's work site and designated for employee parking); *Aetna Life Ins. Co. v. Woods,* 449 S.W.2d 86, 88 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.) (holding that an employee, who collided with another car on her employer's premises when she was leaving work to go home, was in the course of her employment).

■ Appellants argue that the access doctrine has never been applied defensively to bar a claim. They would limit its application to those cases in which workers' compensation coverage was expanded to include an injured employee who otherwise would not be covered. They argue that its use is inappropriate in this case, where application would deny an employee his negligence cause of action. Appellants' contention was rejected over 70 years ago by the Texas Supreme Court in *Kirby Lumber Co. v. Scurlock,* 112 Tex. 115, 246 S.W. 76, 78–79 (Tex.1922). Further, we disagree with appellant's circular argument that application of the access doctrine in this case extends its use into the negligence arena. This case is a workers' compensation case, not a negligence case, and it is a workers' compensation case precisely because the access doctrine places Robert Dickson in the course of his employment when he was injured.

It is uncontroverted that Robert Dickson was injured by a coworker while he was leaving work on a lunch break. The driveway on which the accident occurred was located entirely on the employer's premises and provided the only means of ingress and egress. The summary judgment evidence shows that as a matter of law, in the context of this worker's compensation case, appellant was in the course of his employment when he sustained his injuries.

The Workers' Compensation Act exempts employers from common-law liability based on negligence or gross negligence. *Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665, 666 (Tex.1981). The act provides the exclusive remedy for injuries employees sustain in the course of their employment. *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 412 (Tex.1989). Therefore, because Dickson was in the course of his employment when the accident occurred, the statute precludes his suit against the Company and Silva for negligence.[2] *Castleberry,* 617 S.W.2d at 666. Likewise, Janice Dickson's suit against the Company and Silva for loss of consortium is barred by the statute. *See Rodriguez,* 763 S.W.2d at 412. Because appellants' statutory remedy was exclusive, summary judgment in favor of these appellees was proper.

We overrule points of error one through five.

Because our ruling on points of error one through five is dispositive, we need not address point of error six.

We affirm the judgment of the trial court.

---

**2.** Any recovery from Silva is barred under the statute because he was an agent or employee of Dickson's employer under former article 8306, § 3 at the time of the accident. *McKelvy v. Barber,* 381 S.W.2d 59, 62–63 (Tex.1964).