In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-02-00069-CV

____________


TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL

DIVISION, Appellant


v.


LINDA KOETTER BATES, Appellee






On Appeal from the 239th District Court 

Brazoria County, Texas

Trial Court Cause No. 94G0523






O P I N I O N

 In this interlocutory appeal, appellant, Texas Department of Criminal
Justice-Institutional Division, appeals the trial court's denial of TDCJ's plea to the
jurisdiction. We affirm. 

BACKGROUND


 On March 12, 1992, appellee, Linda Koetter Bates, while driving to work at the
Ramsey II Unit of the Texas Department of Criminal Justice-Institutional Division (TDCJ),
collided with a TDCJ farm tractor driven by an inmate. The accident occurred on a public
road, FM 655, which is maintained by the Texas Department of Transportation. FM 655
dead-ends into three TDCJ prison units, Ramsey I, II, and III and provides the only access
to those prison units. Bates was injured in the accident. TDCJ filed a workers'
compensation claim on Bates's behalf. The claim was denied by the insurance carrier on
April 3, 1992 with the notation, "Claimant was not within course and scope of employment,
when accident occurred." 

 In February 1994, Bates sued TDCJ under the Texas Tort Claims Act (1) for the
negligence of its agents, servants, and officers. In July 2000, TDCJ submitted a request for
a benefit review conference to the Workers' Compensation Commission, giving as its reason,
"Employer contesting compensability after the insurance carrier has denied compensability." 
The request does not state that the claim was denied because Bates was not in the course and
scope of her employment when she was injured. On August 3, 2000, the Workers'
Compensation Commission responded by denying the requested benefit review conference
and giving, as the reason, "The insurance carrier denied compensability of the claim on 04-03-92. The claimant may pursue compensability of the claim by submitting medical
documentation and disability slips to support compensability of the claim." 

 In December 2001, TDCJ filed a plea to the jurisdiction in which it asserted that the
trial court did not have subject-matter jurisdiction over Bates's claims because Bates's
exclusive remedy was under the Texas Workers' Compensation Act, and she had not
exhausted her administrative remedies. TDCJ contended that, because FM 655 is the only
means of approaching the three prison units, an employee driving on the road to go to or
return from work is within the course and scope of his or her employment under the "access
doctrine." (2) 

 Bates responded that FM 655 is a public road maintained by the State, and the "access
doctrine" did not apply. The trial court denied TDCJ's plea to the jurisdiction, and TDCJ
filed this interlocutory appeal. 

DISCUSSION


 In two issues, TDCJ contends that Bates cannot sue TDCJ under the Tort Claims Act
because the Act specifically disclaims waiver of sovereign immunity for claims covered by
the Texas Workers' Compensation Act (3) and, thus, the district court does not have jurisdiction
over Bates's claim. 

 A plea to the jurisdiction contests the trial court's authority to determine the subject
matter of the cause of action. Reyes v. City of Houston, 4 S.W.3d 459, 461 (Tex.
App.--Houston [1st Dist.] 1999, pet. denied). Subject matter jurisdiction is a question of law
and cannot be waived. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex.
1993). A plaintiff must allege facts affirmatively showing that the trial court has subject
matter jurisdiction. Id. at 446. To determine whether there is subject matter jurisdiction, we
must look to the plaintiff's pleadings, take the allegations as true, and construe the pleadings
in favor of the pleader. See id.; Reyes, 4 S.W.3d at 461. 

 Section 101.029 of the Texas Tort Claims Act makes TDCJ liable for personal injury
and property damage caused by the negligence of an inmate while operating a motor vehicle
or motor-driven equipment in the course and scope of duties assigned and supervised by
department employees. Tex. Civ. Prac. & Rem. Code Ann. § 101.029 (Vernon Supp.
2002). Bates's petition alleges that her injuries were caused by a TDCJ inmate driving a
tractor in the course and scope of his duties. We conclude that Bates's petition is sufficient
to state a claim under the Tort Claims Act. Therefore, the trial court has jurisdiction over this
lawsuit. 

 TDCJ does not argue that Bates fails to state a claim under the Tort Claims Act. 
Rather, TDCJ contends that Bates may not sue under the Tort Claims Act because her
injuries were sustained in the course and scope of her employment with TDCJ. (4) TDCJ's
claim does not defeat the jurisdiction of the trial court. Rather, the claim asserts the
exclusive-remedy defense to Bates's claims. See In re Luby's Cafeterias, Inc., 979 S.W.2d
813, 816 (Tex. App.--Houston [14th Dist.] 1998, orig. proceeding). 

 We have determined that the trial court has jurisdiction over Bates's claim. 
Accordingly, we overrule TDCJ's two points of error.

 We affirm the trial court's order denying TDCJ's plea to the jurisdiction. This cause
is remanded to the trial court for further proceedings.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Radack, and Price. (5) 

Do not publish. Tex. R. App. P. 47. 
1. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon 1997 & Supp. 2002). 

2. Under the "coming and going rule," employees are not considered to be in the course
and scope of their employers while going to a coming from work. Dickson v. Silva, 880
S.W.2d 785, 787 (Tex. App.--Houston [1st Dist.] 1993, writ denied). The "access doctrine"
is an exception to the "coming and going rule" when the employer has evidenced an intention
that a particular route be used by the employee in traveling to and from work and the route
is so closely related to the employer's premises as to be fairly treated as a part of the
premises. Id. 
3. Tex. Lab. Code Ann. §§ 401.001-418.002 (Vernon 1996 & Supp. 2002).
4. The case law cited by TDCJ in support of its argument that Bates may not sue TDCJ
because she has not exhausted her administrative remedies is not on point. In the cited cases,
a claimant has sued an employer or insurance carrier for coverage or for bad-faith denial of
coverage before exhausting the administrative remedies provided in the Worker's
Compensation Act. See, e.g., Am. Motorists Ins. Co. v. Fodge, 63 S.W.3d 801 (Tex. 2001);
Cigna Ins. Co. v. Killion, 50 S.W.3d 17 (Tex. App.--Amarillo 2001, no pet.); Henry v.
Dillard Dept. Stores, Inc., 21 S.W.3d 414 (Tex. App.--San Antonio 2000), rev'd, 70 S.W.3d
808 (Tex. 2002) (reversing and remanding to trial court for determination of whether case
may be abated to allow opportunity to cure jurisdictional defect); Pacific Indem. Ins. Co. v.
Liberty Mut. Ins. Co., 834 S.W.2d 91 (Tex. App.--Austin 1992, no writ). 
5. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.