

# NUMBER 13-18-00443-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CITY OF CORPUS CHRISTI,                                              Appellant,

v.

MARIE MULLER AND DEAN MULLER,                          Appellees.

## On appeal from the County Court at Law No. 4
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant, the City of Corpus Christi (the City), appeals the trial court's denial of its

plea to the jurisdiction. Appellees Marie Muller and Dean Muller filed suit against the City

after Marie suffered injuries when she stepped into a pothole in the City Hall parking lot. By one issue, the City argues that the trial court erred when it denied its plea. We affirm.

## I.  BACKGROUND

Marie was employed by the City through a temporary staffing agency, and she worked at City Hall in Corpus Christi, Texas. Around 8:00 a.m. on or about October 13, 2015, Marie parked in the City Hall parking lot and began to walk towards City Hall to report for work. During her walk through the parking lot, Marie stepped into a pot hole, fell, and suffered injuries. She brought suit against the City under a premises liability theory pursuant to the Texas Tort Claims Act (TTCA), and her husband, Dean, brought a claim for loss of consortium.

The City filed a plea to the jurisdiction arguing that the City was Marie's employer and that, because Marie's injury occurred in the course and scope of her employment, Marie's remedy was limited solely to the benefits under the workers' compensation insurance offered by the City. The City's plea, however, did not address how Marie's injuries occurred within the course and scope of her employment. More specifically, the City never alleged in its plea or introduced any evidence in support thereof that it implicitly or directly intended, authorized, or instructed Marie to use the parking lot as her access route to work. Appellees filed a response to the City's plea and argued that Marie's injuries did not occur in the course and scope of her employment, and, therefore, Marie was not subject to the exclusive remedy of workers' compensation insurance. After a hearing, the trial court denied the City's plea. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (allowing immediate appeal of an interlocutory order denying a plea to the jurisdiction by a governmental unit).

2

## II. DISCUSSION

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks to dismiss a cause for lack of subject-matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Its purpose is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review the disposition of a jurisdictional plea de novo. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015). The plaintiff has the burden to allege facts that affirmatively demonstrate the trial court's jurisdiction to hear a case. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam). If the pleadings generate a fact question regarding the jurisdictional issue, a court cannot sustain the plea to the jurisdiction. *Ryder*, 453 S.W.3d at 927. If jurisdictional facts are disputed, we consider any evidence submitted by the parties to the trial court. *Blue*, 34 S.W.3d at 555.

### B. Applicable Law

Governmental immunity defeats subject-matter jurisdiction in suits against subdivisions of the State, such as the City, unless that immunity has been clearly and unambiguously waived by the legislature. *See Sykes*, 136 S.W.3d at 638. Governmental immunity encompasses both immunity from liability and immunity from suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The TTCA waives governmental immunity for a governmental entity, like the City, for personal injuries caused by a condition of real property. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2);

3

*see Miranda*, 133 S.W.3d at 224; *Jefferson Cty. v. Farris*, 569 S.W.3d 814, 823 (Tex. App.—Houston [1st Dist.] 2018, pet. filed) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a)).    However, "[a] governmental unit that has workers' compensation insurance or that accepts the workers' compensation laws of this state is entitled to the privileges and immunities granted by the workers' compensation laws of this state to private individuals and corporations."  TEX. CIV. PRAC. & REM. CODE ANN. § 101.028.  The Texas Workers Compensation Act (TWCA) states that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . for . . . a work-related injury sustained by the employee."  TEX. LABOR CODE ANN. § 408.001(a); *see City of Bellaire v. Johnson*, 400 S.W.3d 922, 922 (Tex. 2013) (per curiam); *see also City of Dallas v. Salyer*, No. 05-12-00701-CV, 2013 WL 3355027, at *2–3 (Tex. App.—Dallas July 1, 2013, no pet.) (mem. op.).   Therefore, if the exclusive remedy bar provided by the TWCA applies to an employee's claim against his city employer, then the city's governmental immunity is not waived.  *City of Bellaire*, 400 S.W.3d at 924; *see Durhart v. State*, 610 S.W.2d 740, 743 (Tex. 1980) (noting that, in adopting the TTCA and providing workers' compensation coverage for state employees, the state retains its immunity and provides its employees an alternate remedy through workers compensation insurance).

Under the TWCA, an injury is compensable and subject to the exclusive remedy bar if it "arises out of and in the course and scope of employment . . . ."  TEX. LAB. CODE ANN. § 401.011(10); *Berrelez v. Mesquite Logistics USA, Inc.*, 562 S.W.3d 69, 74 (Tex. App.—San Antonio 2018, no pet.); *Apollo Enters., Inc. v. ScripNet, Inc.*, 301 S.W.3d 848, 852 (Tex. App.—Austin 2009, no pet.).  Section 401.011(12) of the TWCA defines the

4

"[c]ourse and scope of employment" as "an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer." TEX. LAB. CODE ANN. § 401.011(12). The long-standing rule is that to be considered within the course and scope of employment, the employee's injury must "(1) relate to or originate in, and (2) occur in the furtherance of, the employer's business." *Leordeanu v. Am. Prot. Ins.*, 330 S.W.3d 239, 241 (Tex. 2010); *see Am. Cas. Co. of Reading Pa. v. Bushman*, 480 S.W.3d 667, 673–74 (Tex. App.—San Antonio 2015, no pet.); *Tex. Workers' Comp. Ins. Fund v. Rodriguez*, 953 S.W.2d 765, 768 (Tex. App.— Corpus Christi–Edinburg 1997, pet. denied) ("Course and scope of employment is not limited to the exact moment when the employee reports for work, the moment when the employee's labors are completed, or to the place where work is done.").

## C. Analysis

Here, the parties dispute whether Marie was in the course and scope of her employment when she suffered her injuries. If she was within the course and scope of her employment, then the exclusive remedy bar of the TWCA applies, and the City's immunity has not been waived. *See City of Bellaire*, 400 S.W.3d at 924; *see also* TEX. LAB. CODE ANN. § 408.001(a). If she was not within the course and scope of her employment, the TTCA waives the City's immunity because Marie suffered injuries as a result of a condition of real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. 101.021(2); *City of Bellaire*, 400 S.W.3d at 924

The general rule in Texas is that travel to and from work is not considered to be within the course and scope of the employee's employment. *Lumberman's Reciprocal*

5

*Ass'n v. Behnken*, 246 S.W. 72, 74 (Tex. 1922); *Bissett v. Tex. Emp'rs Ins. Ass'n*, 704 S.W.2d 335, 337 (Tex. App.—Corpus Christi–Edinburg 1986, writ ref'd n.r.e.); *see Evans v. Ill. Emp'rs Ins. of Wausau*, 790 S.W.2d 302, 304 (Tex. 1990) ("The risks to which employees are exposed while traveling to and from work are shared by society as a whole and do not arise as a result of the work of employers."); *Tex. Comp. Ins. v. Matthews*, 519 S.W.2d 630, 631 (Tex. 1974). An exception to this rule lies in the "access doctrine," where "the employer has *evidenced an intention* that the particular access route or area be used by the employee in going to and from work, and where such access route or area is so closely related to the employer's premises as to be fairly treated as part of the premises." *Matthews*, 519 S.W.2d at 631 (citing *Behnken*, 246 S.W. at 74) (emphasis added); *Dickson v. Silva*, 880 S.W.2d 785, 797 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Bordwine v. Tex. Employers' Ins. Ass'n*, 761 S.W.2d 117, 119 (Tex. App.—Houston [14th Dist.] 1988, writ denied); *Turner v. Tex. Employers' Ins. Assoc.*, 715 S.W.2d 52, 53 (Tex. App.—Dallas 1986, writ ref'd n.r.e.); *Standard Fire Ins. v. Rodriguez*, 645 S.W.2d 534, 538 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.); *Tex. Employers' Ins. Ass'n v. Dean*, 604 S.W.2d 346, 349 (Tex. App.—El Paso 1980, no writ); *Kelty v. Travelers Ins.*, 391 S.W.2d 558, 562 (Tex. App.—Dallas 1965, writ ref'd n.r.e.). For the access doctrine to apply, the injury need not "occur upon the only access to the place of employment . . . ." *Rodriguez*, 645 S.W.2d at 539.

> The cases considering the application of the [access] doctrine support the general propositions that an employee is deemed to be in the course of his employment within a reasonable margin of time necessary for passing to and from the place of his [or her] work both before and after his [or her] actual hours of service; that an injury received within that period is ordinarily held to have been sustained in the course of employment if it occurs at a place *intended* by the employer for use by the employee in

6

> passing to and from the actual place of service, on premises owned or controlled by the employer, or so closely related to the employer's premises as to be fairly treated as part thereof . . . .

*Tex. Employers' Ins. Ass'n v. Lee*, 596 S.W.2d 942, 945–46 (Tex. App.—Waco 1980, no writ) (emphasis added). In summary, Texas courts have repeatedly noted that, in order for the employee to be considered to be in the course of his or her employment, there must be some intention by the employer, explicit or implicit, that the employee use that particular access route. *Bordwine*, 761 S.W.2d at 119–20 ("If the employee [is] injured while passing, with the express or implied consent of the employer, to or from his work by way of the employer's premises, . . . the injury is one arising out of and in the course of the employment . . . ."); *Turner*, 715 S.W.2d at 54; *Dean*, 604 S.W.2d at 349; *see Matthews*, 519 S.W.2d at 631 (noting that the employee's right to use the access route or area must be derived from her employment, rather than a route or area for public travel); *Behnken*, 246 S.W. at 74.

Here, appellees contend that the City failed to introduce any evidence that the City intended or authorized Marie to park in the City Hall parking lot and that the parking lot is open to the general public. We agree. The City presented no evidence along with its plea indicating that the City implicitly or directly intended, authorized, or instructed Marie to use the City Hall parking lot as her access route to work. *See Matthews*, 519 S.W.2d at 631; *Behnken*, 246 S.W. at 74.

Furthermore, whether an injury was received by an employee under circumstances constituting the scope and course of his or her employment "is usually a question of fact governed and controlled by the particular facts of each case." *Berry Contracting, L.P. v. Mann*, 549 S.W.3d 314, 325 (Tex. App.—Corpus Christi–Edinburg 2018, pet. denied);

7

*Turner*, 715 S.W.2d at 55; *Kelty*, 391 S.W.2d at 565 (citing *Liberty Mut. Ins. v. Nelson*, 178 S.W.2d 514, 516 (Tex. 1944); *Fed. Underwriters' Exch. v. Lehers*, 120 S.W.2d 791, 792 (Tex. [Comm'n Op.] 1938); *Tex. Employers' Ins. Ass'n v. Davidson*, 295 S.W.2d 482, 484 (Tex. App.—Fort Wort 1956, writ ref'd n.r.e.)) ("Our courts have repeatedly stated that whether an employee was in the course of his employment when he received an injury is ordinarily a question of fact."); *but see Dickson*, 880 S.W.2d at 787 (concluding that employee was in the scope of employment as a matter of law in workers' compensation case when "driveway on which accident occurred was located entirely on the employer's premises and provided the only means of ingress and egress.").

After reviewing the pleadings, the City's plea to the jurisdiction, and the evidence submitted therewith, we conclude that the City failed to show that the trial court lacked subject-matter jurisdiction. *See Rodriguez*, 645 S.W.2d at 537; *Kelty*, 391 S.W.2d at 560, 564–65.

We overrule the City's sole issue.

### III. CONCLUSION

We affirm the trial court's order.

DORI CONTRERAS
Chief Justice

Delivered and filed the
6th day of June, 2019.