**Clifford Kenneth PHILLIPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–93–265 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 3, 1994.

Decided Nov. 23, 1994.

Bruce Neill Smith, Beaumont, for appellant.

Tom Maness, Dist. Atty. and John R. De-Witt, Asst. Dist. Atty., Beaumont, for the State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

The Jefferson County Grand Jury presented that the appellant, Clifford Kenneth Phillips, on or about the 19th day of May, 1988, did sexually assault S.R.T., the complainant, a person younger than seventeen years of age and not the spouse of the defendant. There were other more detailed allegations.

A hearing was held in which the district judge advised the accused of the fact that the accused, if convicted, faced a first degree felony. The accused was also warned about the status of plea bargains, permission to appeal, citizenship revocation possibilities, and deportation.

The defendant signed an acknowledgement, joined in by his counsel and the State, that he understood all of the admonishments and instructions and the accused admitted that he was aware of the consequences of his plea. *The accused signed a judicial confession which was sworn to and subscribed on September 17, 1990, before a deputy district clerk.* All these admonishments were acknowledged and the waiver of jury was approved by the defendant's counsel, the prosecutor, and the presiding judge.

Other waivers are recorded in the record. A deferred adjudication order was entered which was quite lengthy and in detail and included in excess of 25 separate paragraphs and provisions. It was signed and executed by the judge presiding and the defendant acknowledged receiving a copy of this detailed deferred adjudication order and defendant agreed to follow all the conditions imposed upon him.

By separate document the probationer, Phillips, understood that he was to abstain from viewing or possessing any type of obscene materials.

At a hearing timely held, the defendant pleaded guilty to the offense of aggravated sexual assault occurring in Jefferson County, Texas. The defendant acknowledged that his correct name was and is Clifford Kenneth Phillips. Phillips understood the range of punishment and received other instructions, admonitions, and comments from the trial court. The defendant acknowledged that he understood the punishment range and that the court could reject a proposed plea bargain.

If the court approved the plea bargain arrangement, then the accused understood that he needed the trial judge's permission to appeal the case. The court announced that the recommendation was that the court defer the adjudication of guilt *and place the defendant on probation for ten years and assess the fine of $1,000.* The defendant said "Yes", that he did agree with that recommendation.

The defendant also acknowledged that he would have no problems with wearing a bracelet that contained certain rules of probation on it. Finally, the court accepted the record made before it and accepted also the judicial confession and accepted the defendant's plea.

A hearing in the future was set for the reception of a PSI report. There was a later hearing conducted on the actual sentencing of the defendant. At that hearing, the State was represented by the Hon. Michelle Mehaffey, Assistant District Attorney, and the defendant appeared in person and with his attorney of record, Mr. Douglas Barlow.

The court then found during that hearing that the evidence showed beyond a reasonable doubt that the defendant was guilty of the offense of aggravated sexual assault; but the court did defer the adjudication of guilt and at that time placed the defendant on probation for ten years. At the end of the hearing, the defendant signed a number of documents.

At a later hearing held on revocation, the trial court advised the accused that under a motion to revoke probation there was an allegation that the accused failed to attend a sex offender program as directed by the court. The accused was asked whether that

allegation was true or untrue. The defendant answered that was true. To an additional allegation, the court asked the accused if he had failed to wear the electronic monitoring strap as directed by the court. The defendant replied that was true.

Then the court announced to the accused that the court found the accused guilty of the offense of aggravated sexual assault and that the court could assess his punishment from five years to 99 years or life in the penitentiary. The defendant understood that.

The court asked him if he still wanted to plead true. The defendant answered "Yes, sir." A number of other and additional admonitions were given. The defendant answered that he understood these and that he still wanted to plead true. After another short dialogue, the court announced that the court accepted the defendant's plea of true as to Counts IV and V and ordered an updated, second PSI report for July 5th of that year.

The counsel for the defendant informed the court that the accused literally absconded and that he knew the accused was wrong but that during that period of time that he was gone, he was working as a productive citizen. The counsel also acknowledged in an updated pre-sentence report that there was a positive marijuana urine on May 11, 1993.

It was requested that the trial court continue the accused on probation. The defendant, in brief, stated his reason for having left after six months on probation was that in his own mind he had denied that he had done anything wrong deserving of the type of punishment, that is to say, the type of probation that was first meted out to him. The defendant acknowledged to the court that at some point he did realize that he had a problem, but he was not able to get professional help for his problem. He was working what he characterized as an underworld job. He was working for a carnival running from town to town. He stated that he had not been smoking marijuana and that he had only been smoking cigars and cigarettes. He offered to take a polygraph test but the tester said that that would not be necessary. The defendant further stated that the only time he had been around marijuana was when he was actually in jail and actually incarcerated and at those

times "they were smoking that and crack cocaine regularly in the cell".

The defendant's theory on the marijuana matter that he related to the court was that the inmates in his cell were smoking marijuana regularly and heavily and that he had breathed in some of the marijuana smoke. After further colloquy the court announced that the defendant had committed a serious offense and the court announced that the complainant had been a six year old and that "in substance that really gets to me and I'm sure your lawyer explained how I feel about that". The accused agreed for the court to read his confession or rather his statement in the nature of a confession given to the police concerning the offense with the six year old. The trial court paused and read the accused's statement.

The defendant's statement or confession goes into considerable detail and recounts a number of occasions of abuse of a six year old step-son. The court then again found that Counts IV and V were in fact true and that the probation was revoked.

The defendant was given full credit for all time spent in jail. The court ordered no bond and no appeal. It is noted that the defendant was a high school graduate and had attained some college credit.

The accused filed a motion for new trial and his pleadings stated that the trial court abused his discretion in sentencing the defendant to the maximum term which in turn resulted in a violation of the defendant's due process rights and equal protection rights as provided by the Texas Constitution and the United States Constitution; further, that the court had violated the accused's Eighth Amendment United States Constitutional rights against cruel and unusual punishment; and further, that the sentence given by the court was so arbitrary and capricious as to deny him fair treatment under the law. Although the pleadings are somewhat general, the above defenses were raised including their reasonable intendments.

 The appellant presents three points of error. In point of error one appellant contends that the trial court abused its discre-

tion in pronouncing the sentence of 99 years confinement inasmuch as the same is excessive and constitutes cruel and unusual treatment violating the Eighth Amendment to the United States Constitution and Article 1, Section 13 of the Texas Constitution. Point of error two alleges that the trial court violated the appellant's due process and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution; Article 1, Section 19 of the Texas Constitution; and TEX.CODE CRIM. PROC. art. 1.04 (Vernon Supp.1994) by failing to consider and weigh the evidence offered by the appellant in mitigation of the punishment. In point three the appellant says that the trial court erred in violating appellant's due process rights by denying the appellant a neutral and impartial hearing body inasmuch as the trial court demonstrated a bias against sex offenders, of which the appellant was one (according to appellant's brief).

After reviewing the record, it would appear that the trial judge time and time again gave the appellant an opportunity to withdraw his pleas of guilty and withdraw his several pleas of true. Under this record, it is difficult to see that the trial court demonstrated such a bias against sex offenders as to violate the United States and State Constitutions. The lawyer knew what they were dealing with from the very start and the defendant at the last hearing affirmatively agreed that the trial court (as we understand the record) review his statement and confession which shows a number of offenses—and the individual offenses included repeated, bizarre sexual acts by defendant. However, the appellant's brief admits that the 99 years falls within the range of punishment prescribed by Texas law for first degree felonies but states that such a punishment is so plainly disproportionate to the offense as to shock the sense of humankind and, thus, constitute cruel and unusual punishment under the United States and Texas Constitutions. During the last hearing, the trial bench stated that defendant's counsel knew how the trial bench viewed these matters and that the trial court believed that defendant had been so informed and advised by his lawyer.

The State answers point of error one by urging that aggravated sexual assault is a first degree felony and carries with it a punishment range of 5 to 99 years in the penitentiary plus a fine. TEX.PENAL CODE § 12.32 (Vernon 1994). The State argues that the facts of the offense as set out in the appellant's confession clearly proved that the victim was a six year old step-son of the appellant and that the appellant was given a "second chance" of deferred adjudication under TEX.CODE CRIM.PROC. art. 42.12, § 5 (Vernon Supp.1994).

The State mainly defends against point of error number one by arguing that the trial court was fully empowered to assess the full range of punishment upon a correct adjudication of guilt. *Cabezas v. State*, 848 S.W.2d 693 (Tex.Crim.App.1993). The State further argues that all the facts of the case (considering all the facts set out in the defendant's statement) as well as the breaches of the conditions of probation dispose the contention that cruel and unusual punishment was assessed.

■ In point of error number two the appellant basically argues that fundamental fairness is essential to the concept of justice and that fairness lies at the very heart of due process and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, Article 1, Section 19 of the Texas Constitution and Article 1.04 of the Texas Code of Criminal Procedure. Appellant argues that he presented to the trial court some evidence in mitigation of the punishment. Yet appellant admitted that he left the geographical area prescribed by his probation order for approximately two years and did not report to his probation officer during that time by any means. Appellant further and equivocally states that the 99 years in prison as punishment violated the appellant's rights against arbitrary and capricious punishment and failed to accord to him fundamental fairness.

The State's brief counters point of error two by pointing out that the court asked the defense if it would like to present evidence as to punishment and the reply was that the court should take judicial notice of the comments of counsel and the letters that had

been submitted to the court. The State argues that the appellant totally fails to show that the court failed to consider and give weight to the evidence offered by the appellant in mitigation of punishment. We conclude this as the State's contention is a correct interpretation of the record as presented to us. The State points out that the appellant alleges that the court denied him fundamental fairness by handing out a 99 year sentence and the appellant claims that the disparity and treatment by the court between certain classes of individuals are unconstitutional. Yet the appellant cites no comparison and fails to cite any authority on his contention. The State's basic thrust is that appellant's point number two is basically a restatement of point one. Under the record and under the brief of the appellant we overrule appellant's point of error number two.

■ Under point of error number three, appellant argues that a fair trial by a fair tribunal is a basic requirement of due process and that due process necessarily requires a neutral and detached hearing body or hearing officer. Appellant maintains his hearing officer was neither neutral, nor fair, nor detached. The appellant through his brief argues that the trial judge herein demonstrated a particular bias regarding sex offenders and in particular sex offenders who commit the sexual offense against children. The appellant argues that as firm evidence of this, the trial judge remarked at the appellant's sentencing hearing on July 8, 1989, that sexual offenses against a "six year old just really gets to me". The brief asserts that the trial judge's remark taken in the context of the charge against him and in the context of the sentencing hearing reveals a distinct passion and prejudice against this appellant and those situated similarly because of the nature of the appellant's offense.

Appellant definitely places basic reliance on the remarks of the trial judge in *Howard v. State,* 830 S.W.2d 785 (Tex.App.—San Antonio 1992, pet. ref'd). Arguing from the judge's remarks in *Howard,* the appellant states that the bias of the trial court in the instant case on appeal is plain. A basic thrust of the appellant's argument is that the awarding of the maximum punishment dem-

onstrated the trial court's arbitrariness and his inability to perform the function of a neutral and/or detached hearing body or hearing officer and, thus, the trial judge violated the appellant's due process rights. The State counters in its argument that the appellant by his own admission had sexually assaulted his own step-son in several various ways on several different occasions. The step-son victim at the time of these occasions was about six years old. The prosecution argues the record sustains the trial judge's actions.

Basically in the *Howard* case, *supra,* the San Antonio Court found that the trial judge had never even considered any punishment other than the 99 years. Here, however, the appellant has failed to show that the trial judge's prejudice or bias existed by pointing to the record wherein such bias and prejudice can be found. It is noteworthy, that under the appellant's point of error three (upon a re-reading of appellant's brief) there are no references to the record found under point three. We conclude that the *Howard* authority is distinguishable. We overrule the appellant's point of error number three and we affirm the judgment and sentence below.

AFFIRMED.