**Affirmed and Memorandum Opinion filed December 20, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00067-CR

---

**JOHN MATTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 09-07779**

---

## M E M O R A N D U M   O P I N I O N

Appellant, John Matte, appeals from the trial court's judgment revoking his deferred adjudication community supervision and finding him guilty of the offense of assault on a family member. *See* Tex. Penal Code Ann. § 22.01(b)(2) (West 2011). He contends that the trial court failed to consider the full range of punishment in sentencing him to ten years' imprisonment. We disagree and affirm.

BACKGROUND

Appellant was indicted for the offense of assault on a family member, a third degree felony, in November 2009. Appellant waived a jury trial and entered a plea of guilty. In August 2010, the trial court placed appellant on three years' deferred adjudication with community supervision and assessed a $750.00 fine.

In November 2011, the State filed a Motion to Revoke Unadjudicated Probation. At the hearing on the motion, appellant entered a plea of true to an allegation that he failed to pay court-assessed fees in violation of the conditions of his community supervision. Appellant entered a plea of untrue to an allegation that he committed the offense of terroristic threat on October 30, 2011. *See* Tex. Penal Code Ann. §22.07(a)(2) (West 2011). During the ensuing evidentiary hearing, several witnesses, including appellant, testified regarding the terroristic threat allegation. At the conclusion of the evidence, the trial court found both allegations true, revoked appellant's probation, and gave him the maximum sentence of ten years' imprisonment for the assault. The court explained its decision as follows:

THE COURT: The problem here, Mr. Matte, is you're on probation, my probation, for assault on a family member and I've reviewed the presentence report underlying your case and in that case you tried to play that down as being no big deal. And I'm looking through your history here in the presentence report, and all I see is you being a bully and a thug. Maybe Ms. Matte is not a perfect lady, but I believe this evidence shows that you did what you have done in the past. You've got a hot temper. You had a short fuse and for whatever reason, you decided that it was enough that happened to go firing away and you threatened her while you're on probation and that was a big mistake.

In fact, I'm looking at this criminal history when we put you on probation and you knew it was going to be a reach because you've got in '97, two family assaults and it was revoked in '99; a family assault in '99, 75 days in jail and you have—the presentence report is always very thorough and has a lot about someone in their history but, I mean, it's loaded with you being a bully. I thought that sending you to SAFPF, it was a substance abuse issue, that you would be all better and you would learn your lesson and would be calm and deal with your problems in more of a gentlemanly, adult way. And apparently, this love spat, you can't deal with your issues any better than you did before we sent you to SAFPF. I'm very disappointed because I kind of stuck my neck out on that one and I thought you would be better and deal with your problems in a better way than you have, but you have proven to be dangerous and a threat to others in the free world.

Your probation is revoked. Earlier you pleaded guilty to assault on a family member, a third degree felony, voluntarily. You were mentally competent to do so. You understood the consequences of pleading guilty. There was sufficient evidence supporting your guilty plea to find you guilty beyond a reasonable doubt. I now find you guilty beyond a reasonable doubt of this underlying offense. It is a third degree felony. You are hereby sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice to serve a term of 10 years. Let me just ask you: You have a tattoo on your lower lip, don't you?

[APPELLANT]: Yes, sir.

THE COURT: What does it say?

[APPELLANT]: It's derogatory.

THE COURT: What does it say?

3

[APPELLANT]:     "F[***] you."

THE COURT:       Do you think someone who would tattoo something on their lips, it would be—you would be a verse [sic] to saying the kind of vulgarity we have here on those tapes and those threats? Every word you say goes past those words that you have stapled onto your body. There is not even a self respect issue. I mean, you take pride in being defiant and vulgar; and we heard it in these tapes.

I hope that you can do something about getting a grip on yourself and your dealings with others but you're supposed to be living in this world with 7 billion other people in a form of peace. And if you treat people you say you love this way like I heard, what about all those people you don't like? I'll bet you they are in harm's way. You've got a long life ahead of you but you need to change the direction that your mindset is and your aggressive nature in dealing with your personal relationships that not only hurt others but commit crimes and you committed a crime while on probation, the same kind of crime while on probation and this Court is not going to be tolerant of violence and that's what that is, a threat of violence to burn a lady and her children in their home. It's illegal. It's not appropriate and this Court is going to administer justice under these circumstances and this Court under the circumstances and the evidence in this case, finds this decision to be proper and just.

## ANALYSIS

On appeal, appellant contends in his first issue that the trial court violated his right to due process when it allegedly failed to consider the entire range of punishment. In response, the State asserts appellant waived any complaint he may have regarding the sentence imposed by the trial court because he failed to object at the time the sentence was imposed. Anticipating the State's waiver argument,

4

appellant, citing the Court of Criminal Appeals opinion in *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005), argues no contemporaneous objection was necessary because the evidence that the trial court refused to consider the full range of punishment was ambiguous. Assuming appellant's contention is correct that he was excused from the long-standing rule that errors in sentencing can be waived by failure to object, we conclude the record does not support appellant's argument that the trial court did not consider the entire range of punishment. Instead, the record evidence, quoted in part above, supports the opposite conclusion.

Due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence. *Buerger v. State*, 60 S.W.3d 358, 363–64 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Gagnon v. Scarpelli,* 411 U.S. 778, 786–87 (1973)); *Phillips v. State*, 887 S.W.2d 267, 270 (Tex. App.—Beaumont 1994, pet. ref'd). A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes a predetermined punishment. *Buerger*, 60 S.W.3d at 364 (citing *McClenan v. State,* 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), *overruled on other grounds by De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004)). For example, a trial court denies due process when it actually assesses punishment at revocation consistent with the punishment it has previously announced it would assess upon revocation. *Id.* In the absence of a clear showing to the contrary, we presume that the trial court was neutral and detached. *Id.*

Here, the record establishes that the trial court conducted an evidentiary hearing in which appellant had an opportunity to present mitigating evidence. Indeed, the trial court even inquired if appellant intended to retake the witness

5

stand following testimony from his probation officer, which directly contradicted appellant's previous sworn testimony denying ownership of the cellular telephone used to convey the terroristic threats at issue. In addition, an examination of the revocation hearing record demonstrates that the trial court sentenced appellant based on (1) the trial court's assessment of the evidence introduced during the hearing, (2) a review of appellant's presentence investigation report prepared during the underlying assault case, and (3) the failure of other efforts to change appellant's behavior. Also, there is no evidence that the trial court had previously promised to assess appellant's punishment at the maximum term of confinement in the event he violated the terms of his community supervision.

Because appellant has failed to demonstrate that the trial court arbitrarily failed to consider the entire range of punishment before sentencing him to ten years' imprisonment, we overrule his first issue on appeal. Appellant also lists a second issue in his brief: "the trial court erred in giving [him] the maximum sentence." Appellant does not separately brief this issue, and therefore we conclude he has waived it. Tex. R. App. P. 38.1(i).

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's judgment.


/s/     J. Brett Busby
             Justice


Panel consists of Chief Justice Hedges and Justices Brown and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).

6