**Affirmed as Modified and Opinion Filed March 17, 2014**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-00076-CR

**ARTURO HERNANDEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-54818-S**

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

Appellant was charged by indictment with continuous sexual assault of a child younger than fourteen years of age. He pled not guilty, and a jury convicted him of the lesser included offense of indecency with a child. The trial court assessed punishment at twenty years' imprisonment and a $3,000 fine. In four issues on appeal, appellant complains about the trial court's assessment of punishment; specifically, appellant contends the trial court refused to consider the full range of punishment in violation of his rights to due process and due course of law under the United States and Texas Constitutions. In a fifth issue, appellant asserts there is insufficient evidence in the record to support the trial court's award of court costs. We reform the trial court's judgment to reflect the correct amount of the fine. As reformed, we affirm.

### BACKGROUND

Because appellant's complaints involve sentencing, we limit our recitation of the facts pertaining to the guilt/innocence stage of trial.

Appellant was charged with continuous sexual assault of his stepdaughter A. A testified appellant first forced his penis into her vagina when she was in the third or fourth grade. A further testified that this occurred "a lot of times." Appellant also touched A's "part," forced A to touch his penis with her hand, and tried but failed to force his penis into her anus. A was in the seventh grade the last time that appellant sexually assaulted her.

Eventually, A told a teacher she was having problems at home. The teacher filed a report with Child Protective Services and A was referred to a school counselor. Appellant waived his rights and consented to a police interview. He denied knowing why A would say he touched her private parts, and speculated that perhaps A misinterpreted a movement he made. He also told the police that A grabbed his hand and placed it near her "private area." When asked about A's statement that his "part" had touched her "part," and about the possibility that his DNA might be recovered during A's forensic rape exam, appellant stated, "Maybe I was even naked, that I went to the bathroom something like that and she came and sat on me, because she always did that." Appellant also said that he did not remember anything happening, but if it did, he was doped up on medication at the time.

The defense argued that A was a troubled young girl whose attitude and behavior changed as she became a teenager. Appellant testified that A was disrespectful and developed attitude problems. He further testified that he was not guilty of any wrongdoing.

The court submitted a jury charge on continuous sexual assault, aggravated sexual assault, and indecency with a child. The jury found appellant guilty of indecency with a child, and appellant elected to have the court determine punishment.

## ANALYSIS

*Due Process and Due Course of Law*

In his first four issues, appellant complains about the trial court's assessment of punishment. Specifically, he argues the trial judge abandoned his neutral and detached role and failed to consider the full range of punishment in violation of his rights to due process and due course of law.[1]

During the punishment hearing, the judge reminded appellant that he had been found guilty of the second-degree felony of indecency with a child. The judge stated, "You were originally charged with continuous sexual abuse of a young child, which has a minimum punishment of 25 years . . . all the way up to life, and that's without any parole. But the jury . . . found you guilty of the second-degree felony, and like I said, that has a punishment range of a minimum of two years up to twenty years in prison." The judge explained that he had received and reviewed the pre-sentence report, and was ready to make his decision on punishment. When asked, appellant stated that he understood why he was there.

Defense counsel called appellant to testify. Appellant stated that he wanted to appeal, and planned to hire a new lawyer. Appellant also told the court:

> First of all, I don't know if you remember but I wanted to change my attorney before we went to trial, and you said to me no, because everything was ready to go to trial that day. And I have my reasons to change attorneys, because when he told me that we are going to trial, I thought that he had everything ready to go to trial. I agree that he did a great job with whatever he had in his hands at that time.

Then, appellant showed the judge printouts from a Facebook account that he believed negated statements the victim had written in her journal about contemplating suicide. The judge agreed to look at the documents, and after doing so, told appellant they had no bearing on "what we're doing today." Counsel reminded appellant that the focus of the hearing was the determination of

---

[1] Appellant does not argue that the Texas Constitution provides any greater protection than the United States Constitution so we address these claims in tandem.

a fair sentence, and he should use the time to assist the judge in determining what a fair punishment would be. Appellant produced a letter from his mother that was written in Spanish, and described its contents to the court:

> The beginning, this is my mother, Maria De Carmen Garcia De La Cruz, my name, and this letter was made in a police office in Mexico. My mother was sharing with the girl and taking care of her for a while, and she had a lot of -- the girl had a lot of confidence in my mother, and this what she told my mother. In here it says that the girl was telling her that she will go with friends and get drunk and start doing things with boys in the school. And also my mother is saying here that my that's one of the reasons that they put me aside. That's all the things that happened, but it's too long to explain to you. And the only thing she is talking in this letter to you is if you can give me the minimum punishment possible, because he is the only support that she has, financial support. And please take in consideration the pain that I'm going through and the illness I have is the reason I couldn't make it to the trial. And the other thing I'm telling you is she does not have any other children, support to help her. And she is old. She's 70 years old and ill.

When defense counsel asked appellant if there was anything he wanted to ask the judge about punishment, appellant requested the minimum punishment so that he could continue to assist his mother. Appellant stated, "If your opinion is to give me the 20 years of punishment, I will accept it if that's your opinion sincerely." After both sides gave closing argument, the judge sentenced appellant. In this regard, the trial judge stated:

> I think your lawyer did an excellent job, because frankly, under the evidence that I heard, I would have found you guilty of the continuous sexual abuse of a child. That means I would have started with a minimum of 25 years, which would be without parole. I don't know what I would have sentenced you to, but I'm not going to waste my time or your time in thinking about what I might have done.
>
> The jury, based on what they heard, did not find you guilty of continuous sexual abuse. That's why I say your lawyer did you a really good job. Now they did find you guilty of the indecency with a child. I believe that the acts that I heard you performed on that girl are worthy of a twenty-year sentence, so I am going to sentence you to the maximum of twenty years.

Appellant did not object to the sentence or file a motion for new trial. He now contends the judge's failure to remain neutral and detached and to consider the full range of punishment

violates his rights to due process and due course of law. The State maintains appellant forfeited his right to complain about any errors because he failed to timely object. Appellant acknowledges his failure to object, but insists there is no forfeiture because the court's allegedly improper comments coupled with the sentence imposed demonstrate the court's bias, partiality, and failure to consider the entire range of punishment, and therefore, he was not obligated to object.

Due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence. *Buerger v. State*, 60 S.W.3d 358, 363–64 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786–87(1973)); *Phillips v. State*, 887 S.W.2d 267, 270 (Tex. App.—Beaumont 1994, pet. ref'd). A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes a predetermined punishment. *Buerger*, 60 S.W.3d at 364. But, in the absence of a clear showing to the contrary, we presume that the trial judge was neutral and detached when he assessed the defendant's punishment, and that he considered the full range of punishment. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006).

The parties have a right to a fair trial. *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). One of the most fundamental components of a fair trial is a neutral and detached judge. *Id.* A judge should not act as an advocate or adversary for any party. *Id.*

When an appellant claims judicial bias, we review the record to see if it shows the judge's bias denied him due process of law. *Armstrong v. State*, No. 05–10–01245–CR, 2011 WL 6188608, at *5 (Tex. App.—Dallas Dec. 14, 2011, no pet.) (not designated for publication). The terms "bias" and "prejudice" do not encompass all unfavorable rulings towards an

individual, but instead must "connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd) (citing *Liteky v. United States*, 510 U.S. 540, 550 (1994)). Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Dockstader*, 233 S.W.3d at 108. While judicial bias is structural error, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and opinions that a judge forms during trial do not necessitate recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555; *see also Garcia v. State*, 246 S.W.3d 121, 147 (Tex. App.—San Antonio 2007, pet. ref'd). Moreover, "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality. *Id.* at 555–56.

Having reviewed the record, viewing the trial judge's remarks in context, we conclude the record does not establish bias, partiality, or that the judge failed to consider the full range of punishment. Appellant began his testimony by expressing dissatisfaction with trial counsel and stating that he planned to hire a new lawyer. The judge's remarks appear to be in response to these comments. The judge stated that he thought the lawyer did a good job because he was able to persuade the jury to convict appellant of the lesser included offense of indecency with a child, which the judge acknowledged carried a lower range of punishment than the charged offense. The judge mentioned that he thought the evidence supported the more serious offense only in the context of explaining why he thought defense counsel had done a good job. The judge further explained that he was imposing the maximum sentence for indecency with a child based on the evidence he heard at trial. The judge's comments demonstrate that he was aware of the range of

punishment, and there is nothing that rebuts the presumption that he considered this range. Therefore, we conclude the record does not reflect that the judge was biased, partial, or failed to consider the full range of punishment. Appellant's first four issues are overruled.

***Court Costs***

In his final issue, appellant contends the evidence is insufficient to support the trial court's assessment of $240 in court costs because the record does not contain a copy of the bill of costs. After appellant filed his brief, we ordered the District Clerk's office to file a supplemental bill of costs and the clerk complied.

The record before us now contains a bill of costs. Appellant's complaints have been addressed and rejected. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4–8 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). Appellant's fifth issue is overruled.

***Reformation of the Judgment***

The State requests that we reform the judgment to reflect the $3,000 fine imposed by the court.[2] This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

---

[2] The State also asks that we reform the cost assessment to include certain additional costs. The face of the record, however, does not reflect a clerical error in this regard. Moreover, this record does not reflect whether appellant has paid his court costs and, therefore, we cannot modify the judgment to add additional costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.007 (West 2006); *see also Houston v. State*, 410 S.W.3d 475, 480 n. 6 (Tex. App. —Fort Worth 2013, no pet.)

Here, when the trial court orally pronounced appellant's sentence of twenty years' confinement, the court further pronounced, "I'm also ordering a $3,000 fine and that will be paid by time served and to be served." The written judgment, however, does not reflect this fine. Therefore, we reform the judgment to include the $3,000 fine. As reformed, the trial court's judgment is affirmed.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130076F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ARTURO HERNANDEZ, Appellant

No. 05-13-00076-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-54818-S.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect the imposition of a $3,000 fine.
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered March 17, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE